IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAXIMO HERRERA<br><br>**Plaintiff**,<br><br>v.<br><br>JOSHUA CRUZ-RAMOS,<br><br>**Defendant** | **CIVIL NO. 21-1319 (RAM)** |

MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Joshua Cruz-Ramos's *Motion to Dismiss* ("*Motion*"). (Docket No. 23). For the following reasons, the *Motion* is **GRANTED**.

## I.  BACKGROUND

Plaintiff Maximo Herrera ("Plaintiff") is currently serving a 129-year prison sentence for violations of Article 93 of the Puerto Rico Penal Code and Articles 5.04 and 5.15 of the Puerto Rico Weapons Law. (Docket No. 15 at 2). Plaintiff chose to appeal his conviction and retained the services of attorney Joshua Cruz-Ramos ("Defendant" or "Cruz-Ramos") to do so. Id. Through his mother, Plaintiff paid Defendant $10,000 for his services upfront and $7,775 for trial transcripts. Id. Although Defendant drafted the appellate brief, he filed it on September 13, 2019, four days after the deadline. Id. at 3. Consequently, the Puerto Rico appellate court dismissed Plaintiff's appeal as untimely. Id.

Plaintiff alleges that Defendant's inability to file the brief by the deadline constitutes ineffective assistance of counsel. Id. Importantly, Plaintiff also alleges that, as an officer of the court, "Defendant acted under color of federal and state law when [he] violated Plaintiff's constitutional right to counsel by not timely filing" the appellate brief. Id. at 4.

Plaintiff's *Complaint* asserts claims against Defendant pursuant to: (1) 42 U.S.C. § 1983; (2) the Fourteenth Amendment of the Constitution of the United States; and (3) the Puerto Rico Torts Statute (P.R. Laws Ann. tit. 31, § 1536). Id. at 1. Defendant moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Docket No. 23).

## II. APPLICABLE LAW

### A. Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

When ruling on a Rule 12(b)(6) motion, "[t]he sole inquiry . . . is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiff[], the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). The Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Then, the Court takes "the complaint's well-pled (*i.e.,* non-conclusory,

non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor," to determine "if they plausibly narrate a claim for relief." Id. The analysis for a Rule 12(b)(1) motion "is essentially the same as a Rule 12(b)(6) analysis: we accept the well-pleaded facts alleged in the complaint as true and ask whether the plaintiff has stated a plausible claim that the court has subject matter jurisdiction." Cebollero-Bertran v. Puerto Rico Aqueduct & Sewer Auth., 4 F.4th 63, 69 (1st Cir. 2021) (citation omitted). Further, when "a Rule 12(b)(1) motion contests factual allegations of the complaint, the court must engage in judicial factfinding to resolve the merits of the jurisdictional claim." Id.

### B. 42 U.S.C. § 1983 ("Section 1983")

Section 1983 "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place under color of any statute, ordinance, regulation, custom, or usage, of any State." Klunder V. Brown Univ., 778 F.3d 24, 30 (1st Cir. 2015) (internal quotation marks and citation omitted). Importantly, to state a viable Section 1983 claim, "a plaintiff must show both that the conduct complained of transpired under color of state law and that a deprivation of federally secured rights ensued." Id. (citation omitted). For a private person to have acted under color of state law, their actions must be fairly attributable to the State. Id.

### C. Fourteenth Amendment

The Fourteenth Amendment to the Constitution of the United States similarly protects against the deprivation of civil rights by state actors. However, private conduct "generally enjoys immunity from Fourteenth Amendment strictures." Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18 (1st Cir. 1999). "As a practical matter, the Fourteenth Amendment's 'state action' requirement is coextensive with section 1983's 'under color of state law' requirement." Id. at 17 n.1.

### III.  ANALYSIS

In the case at bar, Plaintiff has plainly failed to state a Section 1983 or Fourteenth Amendment claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff has not adequately alleged that Defendant's actions qualify as "state action" under the Fourteenth Amendment or that Defendant acted "under color of state law" as required by Section 1983. While Plaintiff conclusively asserts that "Defendant acted under color of federal and state law" (Docket No. 15 at 4), this Court must "ignore statements in the complaint that . . . merely rehash cause-of-action elements." Schatz, 669 F.3d at 55.[1] In fact, as Defendant notes, the Supreme Court has made clear that criminal defense attorneys do "not act under color of state law when performing a

---

[1] The Court notes that Plaintiff's appointed counsel was cognizant of this defect in the *Complaint*, but pressed forward at the behest of his client. (*See* Docket No. 11 at ¶ 4).

lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981). Therefore, Plaintiff's federal claims against Defendant are **DISMISSED WITH PREJUDICE.**

First Circuit case law is clear that if federal claims are properly dismissed, a District Court is well within its discretion to decline to exercise supplemental jurisdiction over pending state-law claims. *See* Massó-Torrellas v. Municipality of Toa Alta, 845 F.3d 461, 469-70 (1st Cir. 2017); Rivera-Diaz v. Humana Ins. Of Puerto Rico Inc., 748 F.3d 387, 392 (1st Cir. 2014). This is particularly the case where, as here, the Court's dismissal of the federal claims occurs "on an early-in-the-game motion to dismiss" where "[t]he parties have invested no significant time in pretrial discovery, trial preparation, or the like." Rivera-Diaz, 748 F.3d at 392. Having dismissed the two claims over which this Court has original jurisdiction, the supplemental claim arising under Puerto Rico's general torts statute is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1367(c)(3).

## IV.   CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss* at Docket No. 23 is **GRANTED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of March 2022.

                                              <u>S/RAÚL M. ARIAS-MARXUACH</u>
                                              UNITED STATES DISTRICT JUDGE